UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES ASKEW,

    Petitioner,

Case No. 1:06-CV-708

v.

Hon. Richard Alan Enslen

THOMAS G. PHILLIPS,

**ORDER**

    Respondent.

_____/

    This matter is before the Court to consider Petitioner James Askew's Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of October 25, 2006. This Court now reviews the Objection and the pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(A). Oral argument is unnecessary in light of the briefing.

    Petitioner has filed a mixed habeas Petition containing both exhausted and unexhausted issues. *See Rose v. Lundy*, 455 U.S. 509 (1982). Petitioner argues that discretionary motions he filed while his appeal before the Michigan Court of Appeals was pending, including a *pro se* motion to hold his appeal in abeyance (his "Communique"), sufficiently exhausted his ineffective assistance of counsel claim before the Michigan Court of Appeals. In order to "fairly present" his federal claims, he must abide by state procedural requirements. The Michigan Court of Appeals limits its consideration of appellate issues to those contained in the "statement of issues presented." *See Joerger v. Gordon Food Serv., Inc.,* 568 N.W.2d 365, 368 (Mich. App. 1997). Matters first raised on a motion for rehearing are not included in the statement of issues presented. *See Metro Homes, Inc. v. City of Warren,* 173 N.W.2d 230, 233 (Mich. App. 1969); *Cruz v. Warden,* 907 F.2d 665, 669

(7th Cir. 1990). Likewise, as noted by the Magistrate Judge, a claim is not fairly presented if it is first raised on discretionary appeal to a state supreme court. *See Castille v. Peoples,* 489 U.S. 346, 351 (1989). Also, notwithstanding Petitioner's argument, the briefing does not show that Petitioner is entitled to any "miscarriage of justice" exception. As such, the Court denies the Objection since the Petition contains an unexhausted claim.

Notwithstanding, the Court must recommit this matter to the Magistrate Judge because of a procedural complication caused by the Petitioner, not the Magistrate Judge. *See* W.D. Mich. L. Civ. R. 72.3(b). That is, the Magistrate Judge ruled that Petitioner was not entitled to a stay under the Sixth Circuit's decision in *Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002) because her decision was reached before the 60-day window period discussed in *Palmer*. However, by delaying the adjudication through the Objection, Petitioner has brought himself within the window-period (since the exhaustion deadline is January 30, 2007). As such, this matter must be recommitted to determine whether the unexhausted claim is "plainly meritless," *see Rhines v. Weber*, 544 U.S. 269, 277 (2005), and, if it is not, to determine the terms of the potential stay.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner James Askew's Objection (Dkt. No. 9) is **DENIED**, the Report and Recommendation of October 25, 2006 (Dkt. No. 4) is **ADOPTED IN PART**, and the matter recommitted to the Magistrate Judge for further consideration of issues involving a potential stay to permit exhaustion of the unexhausted issue.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Expedite Consideration (Dkt. No. 12) is **DENIED** as moot.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
December 11, 2006  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE