UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ASKEW,

        Petitioner,               Case No. 1:06-cv-708

v.                                     Honorable Richard Alan Enslen

THOMAS G. PHILLIPS,

        Respondent.
_____/

## ORDER TO SHOW CAUSE

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On October 25, 2006, I issued a report and recommendation to dismiss the petition because it contains an unexhausted claim of ineffective assistance of appellate counsel. Petitioner requested and received an extension of time to file objections to the report and recommendation. On December 12, 2006, the District Judge denied Petitioner's objections and adopted the report and recommendation in part, but recommitted the matter to me for further consideration of whether Petitioner should be granted a stay of the proceedings so that he may pursue his unexhausted claim in the state courts.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. Since the AEDPA was amended to impose a one-year statute of limitations on habeas claims, however, dismissal without prejudice often effectively precludes future federal habeas

review. This is particularly true after the Supreme Court's holding in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *See also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[1]

In the instant case, the one-year statute of limitations expires on January 30, 2007. At the time the report and recommendation was issued, Petitioner had more than sixty days remaining in the limitations period. I concluded that a stay of the proceedings was not warranted because Petitioner was not in danger of running afoul of the statute of limitations as long as he diligently pursued his state court remedies. Because he sought an extension of time to file his objections, Petitioner now has less than sixty days remaining before the statute of limitations expires. Petitioner therefore does not have the necessary 30 days to file a motion for post-conviction relief and the additional 30 days to return to this Court before expiration of the statute of limitations. As

---

[1] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court recently held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* Under *Rhines*, if the district court determines that a stay is inappropriate, the district court must allow the petitioner to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 278. This is the case here, since the limitations period has expired.

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within thirty days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. Therefore:

IT IS ORDERED that Petitioner must show cause within thirty days why he is entitled to a stay of these proceedings. If Petitioner fails to meet the requirements for a stay or fails to timely

comply with this order, the District Judge may elect to review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.


Date:  December 13, 2006                 /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge