UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES ASKEW,

        Petitioner,                                      Hon. Paul L. Maloney

v.                                                      Case No. 1:06-CV-708

THOMAS PHILLIPS,

        Respondent.

_____/


**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Respondent's Motion for Summary Judgment</u>. (Dkt. #35). In accordance with 28 U.S.C. § 636(b), the undersigned recommends that Respondent's motion be **denied**.


**BACKGROUND**

Petitioner initiated this action on September 29, 2006, asserting several claims for relief. (Dkt. #1). On March 6, 2007, the Court entered an Order staying this matter so that Petitioner could return to state court to pursue a claim in his petition that was not properly exhausted in the state courts. (Dkt. #22). On August 12, 2009, Askew filed an amended petition and the Court subsequently entered an Order lifting the stay and directing Respondent to answer Askew's amended petition. (Dkt. #28, 31). On February 18, 2010, Respondent filed the present motion, asserting that Askew's petition must be dismissed for failure to comply with the relevant statute of limitations.

1

**ANALYSIS**

Askew's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) which, among other things, amended 28 U.S.C. § 2244 to include a one-year limitations period within which an inmate challenging a state court judgment must file his habeas petition. Respondent argues that Askew's petition must be dismissed for failure to comply with this limitation period.

On May 16, 2003, Petitioner was convicted of voluntary manslaughter following a jury trial. His conviction was affirmed on direct appeal by the Michigan Court of Appeals. *People v. Askew*, No. 249835, Opinion (Mich. Ct. App., Mar. 1, 2005). Petitioner thereafter moved in the Michigan Supreme Court for leave to appeal. Petitioner's request was denied on October 31, 2005. *People v. Askew*, No. 128531, Order (Mich., Oct. 31, 2005). Because Petitioner did not appeal the matter to the United States Supreme Court, his conviction became final 90 days later on January 30, 2006. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Sherwood v. Prelesnik*, 579 F.3d 581 (6th Cir. 2009). The statute of limitations, therefore, began to run on January 30, 2006.

When Askew filed his petition in this Court, only 132 days remained in the one year limitations period. However, the limitations period is not tolled during the pendency of a habeas petition in federal court. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Accordingly, the statute of limitations expired on January 31, 2007, well before the Court stayed this matter. In fact, it was because the statute of limitations had already expired that the Court entered a stay as opposed to simply dismissing Askew's petition without prejudice. As the Supreme Court has recognized, the Court has the authority to stay a habeas action, if the statute of limitations has already expired, to permit a petitioner to return to state court to exhaust unexhausted claims in his habeas petition.

*See Rhines v. Weber*, 544 U.S. 269 (2005).

Askew's petition was timely filed, after which the Court, in the exercise of its discretion, entered a stay to afford Petitioner the opportunity to exhaust all the claims asserted in his habeas petition. The Court fails to discern how the statute of limitations has been violated. Rather, the question raised by Respondent's motion is not whether the statute of limitations has been violated, but instead whether Petitioner complied with the terms of the Court's Order to Stay.

The Court's Order to Stay instructed Petitioner to file in state court a motion for relief from judgment within thirty days. Petitioner was also instructed to file in this Court an "amended petition, including his newly exhausted claim. . .not later than thirty days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claim." Respondent asserts that Petitioner failed to comply with this latter provision. The Court disagrees and further concludes that granting Respondent's motion would be manifestly unjust.

As the Court recognized in its Order to Stay, Petitioner failed to properly exhaust a claim that he was denied the right to the effective assistance of appellate counsel. The Court also instructed Petitioner that he "should include in his [state court] motion for relief from judgment" any other unexhausted claims on which his claim for habeas relief was based. After this matter was stayed, Petitioner timely filed in state court a motion for relief from judgment in which he asserted that he was denied the right to the effective assistance of both trial and appellate counsel. One of Petitioner's specific claims of ineffective assistance was that his appellate counsel failed to request certain pre-trial transcripts.

The Honorable Jeanne Stempien denied Petitioner's motion for relief from judgment. *People v. Askew*, Case No. 98-007542, Opinion (Aug. 20, 2007). However, to properly understand

Petitioner's subsequent actions, it is necessary to understand precisely what Judge Stempien held. The judge denied *with prejudice* all Petitioner's claims save his claim that appellate counsel failed to request certain pre-trial transcripts. With respect to this particular claim, the judge concluded that Petitioner "cannot meet [his] burden of proof on the issues he raises with regard to these transcripts without the benefit of these transcripts. As such [Petitioner's] motion on these two issues is denied *without prejudice*." *Id.* at 8-9 (emphasis added). The judge further ordered that "an attorney shall be appointed for [Petitioner] for the sole purpose of assisting [him] with flushing out all issues which may arise from these transcripts." *Id.* at 9. Thus, while Judge Stempien denied Petitioner's claim involving the pre-trial transcripts, she did so without prejudice and also appointed counsel to assist Petitioner with obtaining the transcripts in question and properly pursuing such claims.

Petitioner later moved in the Michigan Court of Appeals for leave to appeal Judge Stempien's decision. Petitioner's request was denied. *People v. Askew*, No. 281315, Order (Mich. Ct. App., Feb. 15, 2008). Petitioner's subsequent motion for leave to appeal this decision was denied by the Michigan Supreme Court. *People v. Askew*, 136340, Order (Mich., Sept. 22, 2008). Respondent argues that pursuant to the Court's Order to Stay, Petitioner was required to file his amended petition in this Court within thirty days of this latter decision. This argument ignores, however, what transpired with respect to Petitioner's attempt to obtain the pre-trial transcripts relevant to the claim which Judge Stempien denied without prejudice.

According to Askew's amended petition for writ of habeas corpus, as well as documents he submitted in response to the present motion, on August 20, 2007, Susan Walsh was appointed to represent Petitioner pursuant to Judge Stempien's Order. However, it appears that Walsh undertook little or no efforts on Petitioner's behalf. As a result, on or about June 26, 2008,

4

Suzanna Kostovski was appointed to represent Petitioner. Petitioner asserts that Kostovski was no more successful in obtaining the necessary transcripts. In January 2009, Petitioner requested that the State Court Administrative Office investigate the matter. Petitioner's request was denied the following month. Correspondence from Kostovski to Petitioner dated September 18, 2009, more than one month *after* Petitioner had filed an amended habeas petition in this Court, indicates that Kostovski had still failed to obtain the transcripts relevant to Petitioner's ineffective assistance of appellate counsel claim. Petitioner has also submitted an affidavit in which he asserts that he "exhausted every attempt known to me to obtain all the transcripts ordered by the trial court," but "without adequate assistance from appointed counsel" was unable to obtain the transcripts necessary to re-assert the ineffective assistance of counsel claim that Judge Stempien had previously denied without prejudice.

The Court recognizes that the September 22, 2008 decision by the Michigan Supreme Court arguably constituted "a final decision by the Michigan Supreme Court on Petitioner's unexhausted claim," requiring Petitioner, pursuant to the terms of the Court's Order to Stay, to file an amended petition in this Court within thirty days. As discussed above, however, such disregards the fact that Judge Stempien not only denied without prejudice Petitioner's unexhausted claim that his right to the effective assistance of appellate counsel was violated, but appointed counsel to assist Petitioner in pursuing that claim. In simple terms, Judge Stempien expressly invited Petitioner to further pursue the claim in question and, moreover, attempted to provide Petitioner with professional assistance to do so. In the Court's estimation it would be unjust and an abuse of discretion, to punish Petitioner for, in essence, accepting the judge's invitation and attempting to pursue the unexhausted claim in question. The record reflects that Petitioner diligently pursued the matter, but

5

was unable to obtain the transcripts necessary to further pursue the matter. The Supreme Court has held that entering a stay in a habeas action to permit a petitioner to return to state court to exhaust certain claims is appropriate so long as doing so is "compatible with AEDPA's purposes." *Rhines*, 544 U.S. at 276. The Court discerns no evidence that permitting Askew's petition to go forward would be contrary to the AEDPA. Accordingly, the undersigned recommends that Respondent's motion be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Respondent's Motion for Summary Judgment, (dkt. #35), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: May 26, 2010           /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge