UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|                          |                                   |
|--------------------------|-----------------------------------|
| JAMES ASKEW #293940,     | Case No. 1:06-cv-708              |
| Petitioner,              | HONORABLE PAUL L. MALONEY         |
| v.                       | Magistrate Judge Ellen S. Carmody |
| THOMAS G. PHILLIPS,      |                                   |
| Respondent.              |                                   |

### OPINION and ORDER

Overruling the Petitioner's Objections;
Sustaining the Respondent's Objections;
Declining to Adopt the R&R;
*Sua Sponte* Considering but Denying Equitable Tolling;
Dismissing the 28 U.S.C. § 2254 Petition as Untimely

Entering Judgment in Favor of the Respondent;
Issuing a Certificate of Appealability;
Terminating and Closing the Case

State Court: Trials. It is undisputed that James Askew fatally stabbed Shane Venegar after Venegar followed him into his home. In 1999 Askew was tried in the Circuit Court for Wayne County, Michigan at Detroit; the prosecution alleged that Venegar posed no threat to Askew and that Askew had invited him into the house, while Askew alleged that he acted in self-defense after Venegar chased him into the home and threatened to rob and kill him. The jury found him guilty of second-degree murder in violation of MICH. COMP. LAWS § 750.317, and the judge sentenced him to 20-40 years in prison. In January 2003, the Michigan Court of Appeals vacated the conviction

and remanded for a new trial. *See People v. Askew*, No. 225861, 2003 WL 193546 (Mich. App. Jan. 28, 2003) (per curiam) (P.J. Saad, Smolenski, Owens). After retrial in May 2003, the jury found Askew guilty of voluntary manslaughter in violation of MICH. COMP. LAWS § 750.321a, and the judge sentenced him to 3-15 years in prison.

State Court: Unsuccessful Direct Appeal from Retrial. Askew timely appealed, and the Michigan Court of Appeals affirmed his conviction. *See People v. Askew*, No. 249835, 2005 WL 473609 (Mich. App. Mar. 1, 2005) (P.J. Talbot, Griffin, Wilder). The Michigan Court of Appeals rejected Askew's argument that the trial court committed reversible error by denying his motion for a continuance (which he said was necessary because he needed to have his shirt tested for the presence of his own blood, and because he was visibly confused and not competent to assist in his own defense). *Askew*, 2005 WL 473609 at *1-3. The Court of Appeals held that to the extent Askew sought to claim ineffective assistance due to his counsel's advising him not to testify, he had not properly preserved and presented that issue on appeal, and that, even if it considered the ineffective-assistance claim, it lacked merit. *Id.* at *4-5. The Court of Appeals also rejected Askew's argument that his conviction for voluntary manslaughter was against the great weight of the evidence, *id.* at *5-6, and was not supported by sufficient evidence, *id.* at *6-7. Finally, the Court of Appeals rejected the argument that the prosecution had committed misconduct by knowingly relying on false and misleading testimony by a witness, Officer Kroma, *id.* at *7-8. The Michigan Supreme Court denied Askew's application for leave to appeal, *see People v. Askew*, No. 128531, 474 Mich. 902, 705 N.W.2d 115 (Mich. Oct. 31, 2005) (table).

State Court: Unsuccessful Postconviction Motion. In April 2007 – over seventeen months after the Michigan Supreme Court declined review of his direct appeal – Askew filed a MICH. CT.

2

R. 6.500 motion for postconviction relief, contending that trial counsel was constitutionally ineffective by failing to request appointment of an opthamological expert, and that appellate counsel was constitutionally ineffective by failing to obtain "critical" pre-trial and trial transcripts. In August 2007, the state court denied Askew's claim for ineffective assistance of trial counsel, but appointed new appellate counsel to develop his claim for ineffective assistance of appellate counsel.

The Instant Petition. In September 2006, Askew filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc 1). After litigation which is not relevant here, *see Askew v. Philips*, 2006 WL 3613254 (W.D. Mich. Dec. 11, 2006) (Enslen, Sr. J.) (remanding to Magistrate for further consideration of stay to enable petitioner to exhaust unexhausted claim), *recon. denied*, 2007 WL 541661 (W.D. Mich. Feb. 16, 2007), Askew filed an amended petition in August 2009 (Doc 28), and respondent Thomas G. Phillips ("Phillips" or "the warden") responded by moving to dismiss the amended petition as barred by AEDPA's statute of limitations, in February 2010 (Doc 35). Askew filed a brief and affidavit opposing summary judgment in March 2010 (Docs 36-38), and the warden elected not to file a reply brief.

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on May 26, 2010 (Doc 41). Plaintiff filed timely objections on June 7, 2010 (Doc 43), while respondent Phillips filed timely objections on June 9, 2010 (Doc 45). The court finds that respondent Phillips's objections are sufficiently specific and articulated to trigger *de novo* review of the portions of the R&R to which he has objected.[1] Petitioner Askew filed a

---

[1] "'Only those objections that are specific are entitled to a *de novo* review under the statute.'" *Westbrook v. O'Brien*, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (no *de novo* review where the objections are

3

document denominated as an objection to the R&R, but it states only as follows:

> Petitioner concurs fully with the Magistrate's findings, and only objects with, and to, certain descriptions made by the Magistrate Judge in the Report[']s Fact Analysis.
>
> 1) It's imperative that the (specific) clarifications/corrections which follow be noticed by the court as it pertains to [the R&R], and entered as such in the record.
>
> 2) The May 16, 2003 date thus asserting a jury conviction of voluntary manslaughter is "incorrect" and to date has never been supported by a transcript record; certified and timely filed with the Clerk of the Court. (¶ 2, pg 32; *see also* Dkt #28 [Am Pet], 37 [Askew's brief opposing SJ]).
>
> 3) Regarding "unrequested transcripts" it should also be duly noted that Appellate Counsel "(knowingly)" failed to request a CRITICAL missing trial transcript; as well as the pre-(trial) transcripts. (¶ 3, pg #3, 4; *see also* Dkt #28 [Am Pet], 37 [Askew's brief opposing SJ].
>
> 4) The 9/2/08 decision by the Michigan Supreme Court was not in response, in particular to the [unexhausted] claim of ineffective assistance of appellate counsel (which was denied without prejudice on 8/20/2007 [by a state court]); the decision pertained only to Trial Counsel's ineffective assistance, which included [a] claim that Appellate Counsel failed to raise that particular issue; or file Standard-11 documents with the Michigan Court of Appeals that petitioner submitted to Appellate Counsel that "formally" raised the ineffective assistance of trial counsel issue. (¶ 2, pg #5; *see also* Dkt #28, 37).[2]

---

frivolous, conclusory or too general because the burden is on the parties to "pinpoint those portions of the Magistrate's report that the district court must specifically consider")).

[2] In any event, petitioner Askew's citations to previous filings – especially *entire* previous filings, with no quotation of pertinent language or citation of particular pages – is unavailing to him and unhelpful to the court. When a party merely purports to incorporate by reference arguments, evidence or legal authorities presented in prior filings, he has lodged an unavailing general objection. *See Miller v. Palmer*, 2008 WL 4457838, *2 (E.D. Mich. Sept. 30, 2008) ("An objecting party may not simply 'incorporate by reference' earlier pleadings; similarly[,] merely reproducing an earlier unsuccessful motion . . . will ordinarily be treated by the court as an unavailing general objection.") (citing *Howard v. HHS*, 932 F.2d 505, 508 (6th Cir. 1991)), *recon. denied*, 2008 WL 5102254 (E.D. Mich. Dec. 1, 2008); *Deihl v. SSA*, 2008 WL 408463, *2 and n.3 (W.D. Mich. Feb. 12, 2008) ("A party does not state a 'specific' objection by merely incorporating by reference the arguments made in prior briefs, by asserting that he has carried his burden on the point in question,

Petitioner Askew's "objections" do not alter the court's analysis or decision.

**The court agrees with the warden that Askew's petition is untimely, and thus the court respectfully declines to adopt the thoughtful R&R. The court also raises the issue of equitable tolling *sua sponte*, but concludes that Askew is not entitled to that rare and extraordinary measure.**

As the Magistrate notes, R&R at 2, after the Michigan Supreme Court (on October 31, 2005) declined review of the decision affirming his conviction for voluntary manslaughter, Askew did not petition the United States Supreme Court for a writ of *certiorari*, so his conviction became final, for AEDPA purposes, when the ninety-day period for seeking *certiorari* expired on January 30, 2006. *See, e.g., Ross v. McQuiggin*, 2010 WL 1052922 (W.D. Mich. Mar. 22, 2010) (Quist, J.) ("Petitioner's habeas petition is barred by 28 U.S.C. § 2244(d)(1)'s one[-]year statute of limitations. [Hi]s direct appeal was denied by the Michigan Supreme Court on June 26, 2006, and [he] did not seek a writ of *certiorari* . . . . Thus, the one[-]year limitations period began to run on September 25, 2006.") (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)). Therefore, AEDPA's one-year limitations period began to run in this case on January 31, 2006 (not January 30, 2006 as stated by the R&R), *see US v. Mierop*, 2010 WL 529297, *3 (W.D. Mich. Feb. 10, 2010) (Maloney, C.J.) ("when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation") (citing, *inter alia*, FED. R. CIV. P. 6(a)(1)(A)).

As the Magistrate Judge also correctly noted, R&R at 2, the pendency of a federal habeas petition does not toll the AEDPA limitations period as to claims asserted in that petition. *See also*

---

or by complaining that the [state court] or the magistrate judge 'should have' found his arguments persuasive.") (citing, *inter alia*, *US v. Jones*, 2007 WL 4591915, *10 n.5 (E.D. Tenn. Dec. 14, 2007)).

5

*Bolton v. Berghuis*, 364 F. App'x 543, 547 (6th Cir. 2006) (per curiam) (Clay, Cook, N.D. Ohio D.J. Oliver) (citing *Duncan*, 533 U.S. 167). Consequently, the one-year limitations period expired on January 30, 2007.

*After* the limitations period expired, the court entered a stay to permit Askew to exhaust an unexhausted claim in state court, and solely as necessary to permit exhaustion of that claim.[3] In reaching the recommendation that the petition not be dismissed as untimely, the Magistrate Judge reasoned as follows:

> The court fails to discern how the statute of limitations has been violated. Rather, the question raised by Respondent's motion is not whether the statute of limitations has been violated, but instead whether Petitioner complied with the terms of the Court's Order to Stay.
>
> The Court's Order to Stay instructed Petitioner to file in state court a motion for relief from judgment within thirty days. Petitioner was also instructed to file in this Court an "amended petition, including his newly exhausted claim . . . not later than thirty days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claim." Respondent asserts that Petitioner failed to comply with this latter provision. The Court disagrees and further concludes that granting Respondent's motion would be manifestly unjust.
>
> As the Court recognized in its Order to Stay, Petitioner failed to properly exhaust a claim that he was denied the right to the effective assistance of appellate counsel. The Court also instructed Petitioner that he "should include in his [state court] motion for relief from judgment" any other unexhausted claims on which his claim

---

[3] If the court had dismissed the unexhausted claim without prejudice, it would have been time-barred when Askew sought to return to federal court for habeas relief on that claim. *See* R&R at 2-3; *cf. Palmer v. Carlton*, 276 F.3d 777, 780 (6th Cir. 2002) ("Although the habeas petition was initially timely, the period expired on the day that it was filed [December 8, 1998]. When that petition was dismissed without prejudice on March 2, 1999, to allow exhaustion of a ground for relief in state court, the refiling on May 24, 1999 was untimely."); *contrast Gordon v. Howes*, 2009 WL 1883868, *5 (W.D. Mich. June 30, 2009) (Maloney, C.J.) ("Petitioner has more than a year remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this court after the Michigan Supreme Court issues its decision, he is in no danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted.").

for habeas relief was based. After this matter was stayed, Petitioner timely filed in state court a motion for relief from judgment in which he asserted that he was denied the right to the effective assistance of both trial and appellate counsel. One of Petitioner's specific claims of ineffective assistance was that his appellate counsel failed to request certain pre-trial transcripts.

The Honorable Jeanne Stempien denied Petitioner's motion for relief from judgment. *People v. Askew*, Case No. 98-007542, Opinion (Aug. 20, 2007) [not on WestLaw]. However, to properly understand Petitioner's subsequent actions, it is necessary to understand precisely what Judge Stempien held. The judge denied *with prejudice* all Petitioner's claims save his claim that appellate counsel failed to request certain pre-trial transcripts. With respect to this particular claim, the judge concluded that Petitioner "cannot meet [his] burden of proof on the issues he raises with regard to these transcripts without the benefit of these transcripts. As such [Petitioner's] motion on these two issues is denied *without prejudice*." *Id.* [slip op.] at 8-9 (emphasis added). The judge further ordered that "an attorney shall be appointed for [Petitioner] for the sole purpose of assisting [him] with flushing out all issues which may arise from these transcripts." *Id.* at 9. Thus, while Judge Stempien denied Petitioner's claim involving the pre-trial transcripts, she did so without prejudice and also appointed counsel to assist Petitioner with obtaining the transcripts in question and properly pursuing such claims.

Petitioner later moved in the Michigan Court of Appeals for leave to appeal Judge Stempien's decision. Petitioner's request was denied. *People v. Askew*, No. 281315, Order (Mich. Ct. App., Feb. 15, 2008) [not on WestLaw]. Petitioner's subsequent motion for leave to appeal this decision was denied by the Michigan Supreme Court. *People v. Askew*, [No.] 136340, Order [482 Mich. 988, 755 N.W.2d 638] (Mich., Sept. 22, 2008).

Respondent argues that pursuant to the Court's Order to Stay, Petitioner was required to file his amended petition in this Court within thirty days of this latter decision. This argument ignores, however, what transpired with respect to Petitioner's attempt to obtain the pre-trial transcripts relevant to the claim which Judge Stempien denied without prejudice.

According to Askew's amended petition for writ of habeas corpus, as well as documents he submitted in response to the present motion, on August 20, 2007, [an attorney] was appointed to represent Petitioner pursuant to Judge Stempien's Order. However, it appears that [the first appointed attorney] undertook little or no efforts on Petitioner's behalf. As a result, on or about June 26, 2008, [a second attorney] was appointed to represent Petitioner. Petitioner asserts that [the second appointed attorney] was no more successful in obtaining the necessary transcripts. In January 2009, Petitioner requested that the State Court Administrative Office investigate the matter. Petitioner's request was denied the following month [February 2009].

7

> Correspondence from [second appointed attorney] to Petitioner dated September 18, 2009, more than one month *after* Petitioner had filed an amended habeas petition in this Court, indicates that [second appointed attorney] had still failed to obtain the transcripts relevant to Petitioner's ineffective assistance of appellate counsel claim. Petitioner has also submitted an affidavit in which he asserts that he "exhausted every attempt known to me to obtain all the transcripts ordered by the trial court," but "without adequate assistance from appointed counsel" was unable to obtain the transcripts necessary to re-assert the ineffective assistance of counsel claim that Judge Stempien had previously denied without prejudice.

R&R at 3-5 (some ¶ breaks added). Crucially, the Magistrate Judge concedes that "the September 22, 2008 decision by the Michigan Supreme Court arguably constituted 'a final decision by the Michigan Supreme Court on Petitioner's unexhausted claim,' requiring Petitioner, pursuant to the terms of the Court's Order to Stay, to file an amended petition in this Court within thirty days." R&R at 5. Nonetheless, the Magistrate recommends excusing Askew's failure to comply with the plain terms of the stay order because the state-court judge

> expressly invited Petitioner to further pursue the claim in question [ineffective assistance of appellate counsel for failure to obtain certain pre-trial and trial transcripts] and, moreover, attempted to provide Petitioner with professional assistance to do so. In the Court's estimation it would be unjust and an abuse of discretion, to punish Petitioner for, in essence, accepting the judge's invitation and attempting to pursue the unexhausted claim in question. The record reflects that Petitioner diligently pursued the matter, but was unable to obtain the transcripts necessary to further pursue the matter. * * * The Court discerns no evidence that permitting Askew's petition to go forward would be contrary to the AEDPA.

R&R at 5-6. But respondent Phillips properly relies on the simple fact that this court ordered Askew to file an amended petition within thirty days of the Michigan Supreme Court's decision regarding his unexhausted ineffective-appellate-assistance claim, and he did not do so. Rather, Askew waited almost *eleven months*, rather than thirty days, after that Michigan Supreme Court order, before filing an amended petition. If, as it appears, the dereliction of Askew's appointed counsel rendered him unable to obtain the transcripts needed to develop (and exhaust in state court) his ineffective-

8

appellate-counsel claim, he could and should have asked this court for an extension of time in which to file the amended petition. He did not. Askew never afforded this court an opportunity to consider whether to extend the stay and abeyance of the appellate-counsel claim so that he could try again to obtain the relevant transcripts and then, when he had obtained them, to exhaust that claim all the way through the state courts. This court's stay order halted proceedings only through the thirtieth day following a Michigan Supreme Court order regarding the unexhausted appellate-counsel claim. The order did not state, nor did Askew have any reason to believe, that the order tolled the AEDPA limitations period beyond the date certain by which he was expressly required to act. As the warden soundly reasons,

> the statute of limitations was temporarily [suspended] until 30 days after 'the final decision by the Michigan Supreme Court on Petitioner's unexhausted claim.' Once that 30-day period expired, the limitations period was no longer halted and began to run once again [actually, was permitted to operate again]. Because the limitations period had expired before the 'stay and ab[e]y' was granted, the instant petition was rendered untimely the moment that the statute of limitations began to run once more.

Respondent's Objections (Doc 45) at 5. In other words, the limitations period had expired before the court issued its stay order, and when that order's deadline passed without Askew filing the amended petition or asking the court for an extension, the stay ended and the effect of the limitations period was automatically restored – and that effect is the time-barring of the unexhausted claim.

Ultimately, a habeas petitioner may not simply decide that he is free to disobey a federal court order without consequences, even if he has encountered obstacles not of his own making in attempting to exhaust a claim which needs to be exhausted before a federal habeas court may adjudicate it. The court more than adequately accommodated Askew by staying the case until a date certain, and he simply chose not to return to federal court by the deadline ordered. The apparent poor performance of his two appointed counsel in obtaining the transcripts underlying his appellate-

9

counsel claim would certainly excuse Askew's failure to exhaust that claim.[4] The performance of counsel, however, has no bearing on his failure to take any action in this court by the deadline for filing an amended petition (such as explaining what happened and asking for more time to exhaust the claim and file the amended petition).

Finally, out of an abundance of caution, the court *sua sponte* considers the potential application of equitable tolling. Due to the circumstances and duration of petitioner Askew's inaction in the face of a court-ordered deadline, the court determines that he is not entitled to equitably toll the AEDPA limitations period. The United States Supreme Court recently dispelled any doubt that the federal habeas corpus statute is subject to equitable tolling. *See Holland v. Florida*, – U.S. –, – S.Ct. –, 2010 WL 2346549, *3 and *9-12 (U.S. June 14, 2010) (No. 09-5327) (Breyer, J., joined by C.J. Roberts and JJ. Stevens, Kennedy, Ginsburg and Sotomayor) (citing with approval, *inter alia*, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003)). In *Holland*, the Eleventh Circuit had held that when a habeas petitioner seeks to excuse a late filing on the basis of his attorney's unprofessional conduct, that conduct, even if negligent or grossly negligent, cannot raise to the level of egregious misconduct that would warrant equitable tolling unless the petitioner offers proof of bad faith, dishonesty, divided loyalty, mental impairment and the like. *Holland*, – S.Ct. at –, 2010 WL 2346549 at *3. By a 6-3 vote, the Supreme Court found that standard to be too

---

[4] *Cf. Holland v. Florida*, No. 09-5327, – U.S. –, – S.Ct. –, 2010 WL 2346549 (U.S. June 14, 2010) (Breyer, J., for the majority) (remanding for Circuit to determine whether habeas petitioner had presented an "extraordinary circumstance" to justify tolling the AEDPA limitations period, where his attorney failed to file federal habeas petition timely despite petitioner's many admonitions on importance of doing so, apparently failed to conduct legal research needed to ascertain the deadline despite prisoner's letters going so far as to identify the applicable legal rules, failing to provide petitioner with information he requested, and failing to communicate with petitioner for a period of years).

rigid, *id.* at \*3, and "difficult to reconcile with more general equitable principles in that it fails to recognize that, at least sometimes, professional misconduct that fails to meet the Eleventh Circuit's standard could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling", *id.* at \*13.

The Supreme Court adhered to its existing standard that a habeas petitioner is entitled to equitable tolling of the AEDPA limitations period only if he shows that (1) he pursued his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, – S.Ct. at –, 2010 WL 2346549 at \*12. The Court determined that the extraordinary-circumstance requirement *might* be satisfied by the performance of petitioner Holland's counsel, Collins, which consisted of the following:

> Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitation period expired – two facts that, alone, might suggest simple negligence. But . . . Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.
>
> [T]hese various failures violated fundamental canons of professional responsibility, which require attorneys to perform reasonably competent legal work, to communicate with their clients, to implement clients' reasonable requests, to keep their clients informed of key developments in their cases, and never to abandon a client. \* \* \* [T]he failures seriously prejudiced a client who thereby lost what was likely his single opportunity for federal habeas review of the lawfulness of his imprisonment and of his death sentence.

*Holland*, – S.Ct. at –, 2010 WL 2346549 at \*14. To guide the Court of Appeals on remand, the Supreme Court emphasized that "the diligence required for equitable tolling purposes is 'reasonable

11

diligence,' . . ., not 'maximum diligence.'" *Id.*

The court finds that under the circumstances, petitioner Askew did not act with reasonable diligence. The Supreme Court in *Holland* held that the petitioner there might well be entitled to equitable tolling because "the *very day* that Holland discovered that his AEDPA clock had expired due to [his counsel]'s failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court." *Holland*, – S.Ct. at –, 2010 WL 2346549 at *14 (emphasis in original). Here, by contrast, petitioner Askew certainly did not do all that he could reasonably be expected to do, as promptly as he could do it. Askew was long aware that his counsel had not obtained, and showed no sign of endeavoring to obtain, the transcripts he needed to develop (and exhaust in state court) his ineffective-appellate-counsel claim. All he had to do to show reasonable diligence was file a motion in this court, anytime on or before the court-ordered deadline of thirty days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claim, for an extension of time to file his amended federal habeas petition. Askew failed to move in this court for an extension, and the record discloses no circumstance beyond Askew's control which prevented him from doing so. Then, despite the apparent absence of any external impediment, Askew waited about eleven months after the Michigan Supreme Court's final decision before filing his amended federal petition. Accordingly, Askew is not entitled to equitable tolling because of his attorneys' poor performance. *See McClendon*, 329 F.3d at 495 ("Once *Austin* was decided and it became clear that the statute began running on April 24, 1996, McClendon offers no reason for the eleven months he waited before filing his federal habeas petition. * * * [A] reasonably diligent effort to file within a reasonably quick time might have entitled McClendon to equitable tolling. Because McClendon points to no diligent effort, and because his eleven-month delay . . . was not reasonable given these

12

circumstances, no equitable tolling is available."); *cf. Dunlap v. US*, 250 F.3d 1001, 1010 (6th Cir. 2001) (habeas petitioner who missed deadline by only two months nonetheless was not entitled to equitable tolling, because he offered no explanation for that delay); *Oden v. Haws*, 2010 WL 2556853, *6 (E.D. Cal. June 21, 2010) (citing *Holland*, – S Ct. –, 2010 WL 2346549).

## CERTIFICATE OF APPEALABILITY

The U.S. Supreme Court disapproves of blanket denials of certificates of appealability ("COAs"). *Colwell v. McKee*, 2009 WL 125223, *3 (W.D. Mich. Jan. 16, 2009) (Maloney, C.J.) (citing *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001)). Rather, this court "must 'engage in a reasoned assessment of each claim' to determine whether a [COA] is warranted." *Oatis v. Caruso*, 2009 WL 80347, *4 (W.D. Mich. Jan. 8, 2009) (Maloney, C.J.) (citing *Murphy*, 263 F.3d at 467)..

Under 28 U.S.C. § 2253(c)(2), "'the court should grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.'" *Wardlaw v. Howes*, 575 F. Supp.2d 820, 821 (W.D. Mich. 2008) (Paul L. Maloney, C.J.) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct. 1479 (2008), *cert. granted o.g.*, – U.S. –, 128 S.Ct. 2959 (2008)). To satisfy this standard, "the petitioner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Wardlaw*, 575 F. Supp.2d at 821(quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004)). *See also Butz v. Berghuis*, 2009 WL 33462, *6 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) and *Henley v. Bell*, – F. App'x –, –, 2009 WL 233283, *1 (6th Cir. Feb. 2, 2009) (p.c.) (Siler, Cole, Cook) (citing

*Banks*, 540 U.S. at 674), *cert. denied*, – U.S. –, 129 S.Ct. 1057 (2009).

The petitioner need not show, however, that he is likely to succeed on appeal. *See Wardlaw*, 575 F. Supp.2d at 821 (citing *Miller-El*, 537 U.S. at 337); *Workman v. Bell*, 484 F.3d 837, 842 n.3 (6th Cir. 2007) (distinguishing standard for stay pending appeal, which focuses on appellant's likelihood of success on the merits, from the COA standard, which requires a lesser showing), *reh'g & reh'g en banc denied* (6th Cir. May 7, 2007). "'[I]t is consistent with § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief.'" *Wardlaw*, 575 F. Supp.2d at 821 (quoting *Walker v. Carlton*, 114 F. App'x 687, 690 (6th Cir. 2004) (quoting *Miller-El*, 537 U.S. at 337)).

As noted above, the court has found no binding precedent which compels the conclusion that plaintiff's conduct under the circumstances constituted reasonable diligence, or even precedent which strongly suggests such an outcome. Yet the plaintiff meets the standard for a COA, because other reasonable jurists – such as the learned Magistrate Judge here – could disagree with the determination that his petition should be dismissed as untimely under these fairly unusual circumstances. *See Frazier v. Johnson*, 2010 WL 2553729, *6 (E.D. Va. June 24, 2010) (after holding that section 2254 petitioner was not entitled to equitable tolling of AEDPA limitations period, court remarked, "Although this court relies on sound decisions in this Circuit, the Court concludes that Frazier merits a COA because jurists of reason would find it debateable whether the Court correctly decided this procedural issue.") (citations and footnote omitted).

# ORDER

**Petitioner's** objections [document **# 43] are OVERRULED**.

**Respondent's** objections [document **# 45] are SUSTAINED**.

The court **DECLINES TO ADOPT the R&R [document # 41].**

The respondent's motion to dismiss or for summary judgment **[doc #35] is GRANTED**.

The amended habeas corpus petition is **DISMISSED** as untimely.

The separate judgment required by FED. R. CIV. P. 58 will issue contemporaneously.

This case is **TERMINATED** and **CLOSED**.

This is a final order**, and the court ISSUES a certificate of appealability** on the issue of whether the instant amended habeas petition should be dismissed as untimely. *See McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003) ("A district court's decision not to apply equitable tolling is reviewed *de novo* when the facts are not disputed 'and the district court determined as a matter of law that there were no grounds that would justify equitable tolling.'") (quoting *Dunlap*, 250 F.3d 1001, 1007-08 (6th Cir. 2001)).

**IT IS SO ORDERED this 13th day of July 2010.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge